## Charles Curley v. Hiram Wyman.

*Practice: Requests to charge: Want of evidence: Record: Presumptions.*
The refusal to grant a request to charge, that there was no evidence to
establish a specified fact, cannot be held error where the bill of excep-
tions does not affirmatively show that no such evidence was given. Error
will not be presumed.

*Evidence: Intoxicating liquors: Construction.* In an action to recover for
goods furnished by plaintiff to defendant's father and mother at his
request, the plaintiff's statement as a witness, that a part of the goods
furnished were intoxicating liquors, and he "couldn't tell the amount,"
is construed, in connection with his other testimony, as to the bill of
particulars of his demand, *i. e.,* that it was a copy of his books, not to
mean that the items for liquors were incapable of being separated and
distinguished from the others, so as thereby to render his whole claim
void.

*Heard June 14. Decided June 21.*

Error to St. Clair Circuit.

*Atkinson & Stevenson,* for plaintiff in error.

*Mitchell & Avery,* for defendant in error.

MARSTON, J:

Defendant in error brought an action of assumpsit to
recover a balance which he claimed plaintiff in error owed
him for goods furnished his father and mother at his request.

Counsel for plaintiff in error insist that the court erred
in refusing to charge the jury as requested by plaintiff in
error in his second* request to charge.

. It is sufficient to say that the bill of exceptions does not
purport to contain or set forth all the evidence given on the
trial. The court having refused to charge the jury that there

---

* 2. That if you find that there was no settlement between
plaintiff and defendant, on June 25, 1875, there is no evidence be-
fore you that defendant was indebted to plaintiff at that time,
and, in any case, plaintiff could only recover the value of goods
furnished since that time, after deducting the payments, and
unless from the evidence before you you can determine that
amount, the defendant is entitled to a verdict.

was no evidence to sustain or establish a part or the whole of plaintiff's case, we must presume that the refusal to so charge was correct, and that such evidence had been introduced, else the request to charge would have been given. The bill of exceptions, however, does show that there was evidence given upon this point; true, it is not very clear just what the evidence was, yet we cannot say that there was a total want of evidence; besides the presumption under the refusal to charge is that there was.

Plaintiff in error next complains that the court erred in refusing to give his third* request, and in charging the jury that if they should find a fair preponderance of proof in support of plaintiff's claim, that the credit was given to defendant with his knowledge and consent and by his direction, that there was a balance of account due in June, and that other articles were furnished after that date upon the same promise and agreement, they would find for the plaintiff for such balance, deducting the amount paid for liquors.

There was no error in refusing to give defendant's third request. And the only reason presented, to show that the court erred in charging the jury as above stated, was, that plaintiff had sold to defendant's father and mother intoxicating liquors prior to May 3, 1875, and that the consideration therefor entered into and became a part of the account which plaintiff sought to recover. And it was also claimed that it was impossible for the jury to determine what portion of the claim was for such liquors, and that the whole claim was therefore rendered void.

The difficulty with this argument is, that the facts do not warrant any such conclusion. Repeated decisions in this state declare that error cannot be presumed, but must be made to affirmatively appear by the party complaining; that all presumptions are in favor of the validity of the verdict and judgment, and that the necessary and proper

* 3. That under the pleadings and proofs in this case the defendant is entitled to a verdict, and for the amount of money paid by him, if any, during the months of January and February, 1875, to plaintiff.

evidence was laid before the jury to justify them in coming to the conclusion which they did. The only portion of the bill of exceptions which it is claimed shows such an inseparable admixture of the whisky and grocery account is where the plaintiff upon cross-examination testified "that a part of the account before and after June 25th was for intoxicating liquors; commenced getting liquors at beginning of account in January and kept on getting until October, and couldn't tell the amount." This must be taken in connection with his direct examination, where, in speaking of the goods furnished, he was shown a "paper, the bill of particulars of plaintiff's demand in said cause, and was asked, * * * state, if you know, whether that bill of particulars is a statement of the items furnished defendant. Witness answered that it was a copy of his books." It would appear from this, even could we presume there was no other testimony, that an account showing the items furnished was in court and used by the witness while upon the stand; and it is but fair to assume that an itemized account would show whether any part, and if so, how much was for liquors. His cross-examination, where he said he "couldn't tell the amount of liquors sold and entering into the account," is not inconsistent. The items may have shown the amount, but the witness may not have separated them, and yet, from all the evidence in the case, the jury would have had no difficulty in making such separation. We cannot assume that they could not.

The court instructed the jury to deduct from any balance they might find due plaintiff all moneys paid by defendant for intoxicating liquors, and a large deduction seems to have been made by the jury from the amount of the plaintiff's claim.

We find no error in the record. The judgment must be affirmed, with costs.

The other Justices concurred.